IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA S. GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>WORLD SAVINGS BANK, FSB,<br>WELLS FARGO BANK, N.A.,<br>and NDEX WEST LLC,<br><br>Defendants.<br>_____/ | No. C 10-05162 WHA<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND REFERRING ATTORNEY BAKER TO THE STATE BAR** |

**INTRODUCTION**

In this home loan dispute, Wachovia brings the present motion for attorney's fees in the amount of $6,769. All claims against defendants were dismissed for failure to prosecute. For the reasons stated below, the motion for attorney's fees is **GRANTED IN PART**.

**STATEMENT**

Plaintiff Barbara Gilbert obtained a loan of $260,000 from Defendant World Savings Bank in February 2007. The loan was memorialized by a fixed rate mortgage note and secured by a deed of trust against plaintiff's real property located at 385 Lee Avenue, Livermore. The deed of trust was recorded with the Alameda County Recorder's Office on February 23, 2007.

Plaintiff commenced this action in state court in October 2010 against defendants World Savings Bank, Wells Fargo Bank, and NDEX West. The complaint describes the lender as "World Savings." World Savings, however, changed its name to "Wachovia Mortgage, FSB" on

December 31, 2007, and then to "Wachovia Mortgage, a division of Wells Fargo Bank, N.A." on November 1, 2009. Plaintiff asserted six causes of action against all defendants: (1) misrepresentation and fraud, (2) rescission and restitution of voidable cognovit note, (3) injunction against wrongful foreclosure based on cognovit note, (4) quiet title, (5) unfair business practices under California Business and Professions Code Section 17200, and (6) violation of 18 U.S.C. 1962. In November 2010, Wachovia removed the action. After the action was removed, Wachovia responded to the complaint by filing a motion to dismiss and a motion to strike portions of the complaint. Plaintiff failed to file an opposition to either motion, and was ordered to show cause why the action should not be dismissed for failure to prosecute. Plaintiff also failed to respond to the order to show cause, and the case was dismissed for failure to prosecute, upon which final judgment was entered in favor of defendants and against plaintiff.

Wachovia now seeks to recover attorney's fees incurred to defend against this action. In addition to the motion for attorney's fees, Wachovia requests judicial notice of (1) the order dismissing the case, (2) the final judgment order, (3) the fixed rate mortgage note, and (4) the deed of trust. Plaintiff has failed to file an opposition to the instant motion. Plaintiff's counsel, Gregory Alan Baker, and plaintiff herself, were ordered to appear at the hearing on the instant motion and explain why there have not been any responses to any of the filings. The hearing was held on March 17. Attorney Baker appeared at the hearing. Plaintiff Gilbert, however, did not.

**ANALYSIS**

Under the American rule, the prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). A statute or enforceable contract allocating attorney's fees, however, can overcome this rule. *Ibid.* State law governs the enforceability of attorney's fees in contract provisions. *Sec. Mortgage Co. v. Powers*, 278 U.S. 149, 154 (1928). California permits parties to allocate attorney's fees by contract. *See* CAL. CODE CIV. PROC. § 1021.

Specifically, California Code of Civil Procedure Section 1032(b) entitles the prevailing party to recover costs. Attorney's fees are allowable as "costs" under Section 1032 when authorized by statute. CAL. CODE CIV. PROC. § 1033.5(a)(10)(B). The statute defines "prevailing

2

party" to include "a defendant in whose favor a dismissal is entered." CAL. CODE CIV. PROC. § 1032(a)(4). Furthermore, Federal Rule of Civil Procedure 41(b) provides that if a plaintiff's action is dismissed for failure to prosecute, then the dismissal operates as an adjudication on the merits, unless the dismissal order states otherwise. Wachovia is clearly the prevailing party due to the dismissal of the action on the merits.

The ability to contract out of the American rule is circumscribed by California Civil Code Section 1717(a), which provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

The fixed rate mortgage note and deed of trust plaintiff signed in February 2007 both included fees clauses. The fixed rate mortgage note provided at paragraph 7(E):

> Payment of Lender's Costs and Expenses. The Lender will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

(RJN Exh. C at 4). In addition, the deed of trust contained an attorney's fees provision under the Covenants section at paragraph 7:

> [If] someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property . . . then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court [and] paying reasonable attorneys' fees . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes.

(*id.* Exh. D at 7). These clauses are applicable to the present case. Plaintiff's lawsuit affected Wachovia's rights in the property because plaintiff sued to enjoin defendants from foreclosing on the property and to rescind the fixed rate mortgage note and the deed of trust. In addition, plaintiff attacked the validity and enforceability of the fixed rate mortgage note.

California Civil Code Section 1717 applies only in an action "on a contract." The meaning of "on a contract" has been liberally construed to mean any action involving a contract for the purposes of Section 1717. *Turner v. Schultz*, 175 Cal. App. 4th 974, 979–80

3

1  (2009). Plaintiff's claims for misrepresentation and fraud, rescission and restitution of voidable
2  cognovit note, injunction against wrongful foreclosure, quiet title, unfair business practices, and
3  violation of 18 U.S.C. 1962 are all "on a contract." Furthermore, "California law is settled that an
4  obligation to pay attorney fees incurred in the enforcement of a contract includes attorneys' fees
5  incurred in defending against a challenge to the underlying validity of the obligation." *Siligo v.*
6  *Castellucci*, 21 Cal. App. 4th 873, 878 (1994) (internal quotation marks and citation omitted).
7  Even though plaintiff challenged the underlying validity of the fixed rate mortgage note and deed
8  of trust, Wachovia may be awarded attorney's fees incurred to defend against the challenge.
9  Wachovia is therefore entitled to attorney's fees under these claims.

10  Turning to the reasonableness of the requested attorney's fees, the declaration of Yaw-
11  Jiun (Gene) Wu includes a breakdown of the billing rates and qualifications of the attorneys and
12  staff who worked on the matter for all time billed from November 2010 to January 2011 (Wu
13  Decl. ¶ 2). A detailed breakdown of the legal services provided was also included in the
14  declaration (*id.* Exh. A). This order finds that $6,519 in attorney's fees is a reasonable amount.

15  Attorney Baker has repeatedly violated his obligations as a lawyer and has specifically
16  violated this Court's orders by failing to oppose motions and respond to orders in this action. At
17  the hearing, Attorney Baker argued that he failed to oppose motions because he was not able to
18  electronically file documents with the Court. Attorney Baker, however, could have moved to file
19  documents manually, if he were not able to file documents electronically. Attorney Baker
20  similarly failed to prosecute another case in this district, *Miller v. Paul Financial LLC*, Case No.
21  10-cv-5562 TEH. In light of Attorney Baker's pattern of misconduct, he will *personally* carry the
22  burden for the $6,519 award in attorney's fees, not his client. Additionally, the Clerk is directed
23  to send a copy of this order to the California State Bar for investigation and to the district's
24  Standing Committee on Professional Conduct pursuant to Civil Local Rule 11-6.

## CONCLUSION

26  For the foregoing reasons, Wachovia's motion for attorney's fees is **GRANTED IN PART**.
27  An award of $6,519 for attorney's fees is granted in favor of Wachovia and against Attorney
28  Baker *personally* (not against his client). The assignment of this attorney's fees liability to

Attorney Baker (not his client) is without prejudice to future adjustment for good cause shown. Defendant's request for judicial notice is **GRANTED**, as all of the documents are matters of public record.

**IT IS SO ORDERED.**

Dated: March 21, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5